JAMES *v.* MOREY, 2 Cow. 246.

In Ch. 6 J. C. R. 417.

*Appeal ; Mortgage ; Merger of Equitable in Legal Es÷ tate.*

THE facts in this case were as follows :

The defendant, C. Johnson, gave a mortgage to J. O. Wattles, to secure the payment of $12.000, on the 24th of June, 1817, which was registered the 17th of July, 1817.

On the 2d of August, 1817, a judgment was docketed in favor of Wattles against Johnson for $2,000. Execution issued on this and three other judgments, (all subsequent to the mortgage,) and on the 20th of April, 1818, the mortgaged premises were sold in separate parcels. One S. purchased the first for $205, which at the time of sale was worth $2,000. Wattles himself purchased the residue for $440, and sheriff's deeds were executed for the premises. No notice appears to have been given at the sale of the claim of Wattles as mortgagee.

On the 9th of November, 1818, Wattles assigned the bond and mortgage to the plaintiff James, as security for his bond to the plaintiff for $9,331 of the same date, with a warrant of attorney, to enter up judgment thereon, which was done 12th Nov. 1818.

On the 14th of June, 1819, Wattles executed a quit-claim deed to the defendant Morey of all his estate and interest in the mortgaged premises, for the consideration expressed of $10,000. The deed was absolute on the face of it, and was acknowledged 21st of July, 1819, and recorded as a deed, the 13th of January, 1821. It was however intended as a security to Morey against an endorsement for a note of Wattles for $5,000, and for his indemnity against a bond executed with Wattles to one Granger. At the time of executing this deed, Wattles also delivered to Morey, the sheriff's deeds

to him and Sabin the other purchaser; and a quit-claim deed from the latter to him, W., dated May 26, 1819, which was recorded January 13, 1821.

Morey the defendant took possession of the mortgaged premises, and still continues in possession, holding the lands under these deeds, as a security for what was due to him.

The bill of James prayed for a foreclosure of the mortgage of Johnson assigned to him, and that Wattles' deed to Morey, of June, 1819, might be delivered up to be cancelled and for general relief.

The defendant Morey, (bill having been taken *pro. con.* against *Johnson*,) claimed to be a *bona fide* purchaser, and denied all notice of the assignment of the bond and mortgage to the plaintiff, until some time in the autumn of 1820.

Upon these facts, Chancellor Kent held, that the whole estate legal and, equitable, vested in Wattles by his purchases at the sheriff's sale, and from Sabin; and that by the merger of the equitable in the legal, the mortgage of Johnson was extinguished as a security in the hands of Wattles, and was not nor could be revived by the assignment to James the plaintiff.

He therefore decreed that Morey's deed should stand good as a security for what was due to him, and if any residue, that it should be applied to the plaintiff's debt and costs.

The Court of Errors reversed this decision, Woodworth, J., Sutherland, J., and Savage, Ch. J., all delivering opinions in favor of reversal, and holding:

1. That the rule as to *merger*, though inflexible at law was not so in equity.

2. That the mortgagee, in this case, having elected by the assignment of the bond and mortgage, to keep the equitable and legal estates, distinct, the plaintiff acquired a good title to them, as assignee, and was entitled to a priority as assignee for the amount due to him.

Savage, Ch. J., took a somewhat different view, as to the three-fourths bought in by Wattles himself, holding that Morey's deed not being recorded as a mortgage, but as an absolute deed, must be considered as an unregistered mort-

gage, and that as the parties were equal in point of negli-gence, the rule *prior in tempore, potior in jure,* must apply.